CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 0 4 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:07cr00031-1 |
| v. | MEMORANDUM OPINION |
| KENNETH EUGENE SAMPLER, | JUDGE NORMAN K. MOON |
| *Defendant* | |

This case is before the Court upon consideration of Defendant's Motion to Dismiss for Delay in Prosecution (docket no. 197), filed by counsel on July 31, 2008, asserting that Defendant's rights to a prompt and speedy trial have been abridged in violation of 18 U.S.C. § 3161 et seq. (the "Speedy Trial Act," or the "Act"), and the Sixth Amendment to the United States Constitution. On August 13, 2008, the Court conducted a hearing regarding Defendant's Motion. For the reasons that follow, the Court will deny the Motion.

## FACTUAL SUMMARY[1]

On August 9, 2007, a grand jury in the Western District of Virginia indicted Defendant for one count of conspiracy to possess and distribute a mixture or substance containing more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846.[2] Defendant was arrested in Georgia on August 30, 2007. After his arrest and initial appearance in Georgia in August 2007, the United States Marshals Service transported Defendant to this Court,

---

[1] The facts have been adduced from the record in this case, including the evidence introduced at the hearing on August 13, 2008. The Government has not submitted a brief in opposition to Defendant's Motion. The Court will introduce additional facts as necessary in its discussion.

[2] The indictment charges a multi-count drug conspiracy involving six individual defendants. Defendant is charged under count 1 of the indictment.

where he was arraigned on October 5, 2007. After his arraignment, Defendant was released on bond and was allowed to return to the Northern District of Georgia.[3] On November 1, 2007, an order was entered continuing Defendant's trial until February 25, 2008; the order further states that the time between November 8, 2007,[4] and February 25, 2008, would be excluded from Defendant's Speedy Trial Act calculation, pursuant to 28 U.S.C. § 3161(h). However, the 34-day period from Defendant's initial arraignment on October 5, 2007, until November 7, 2007, was not excluded.

In January 2008, Defendant was charged with a pretrial release violation,[5] and on February 15, 2008, he was arrested in Georgia. The record is unclear as to whether Defendant was apprehended in Georgia by federal authorities or Georgia state authorities, but it is clear that, on February 17, 2008, a Georgia criminal arrest warrant was issued, stating that, on February 15, 2008, Defendant

> did commit the offense of **VGCSA Possession of Methamphetamine (F)** in violation of O.C.G.A. 16-13-30 at [redacted street address], Griffin, Spalding County, Georgia, and against [the] State of Georgia and the laws of the State of Georgia. This facts this affidavit for arrest is based on are: **Said accused did possess Methamphetamine, a Schedual [sic] II Controlled Substance, in Violation of the Georgia Controlled Substances Act, to wit: one glass pipe with a crystal type substance on the inside which did field test positive for the presence of Methamphetamine.** . . .

---

[3] Defendant "was continued [in this Court] on the same bond conditions that had been set . . . by the District Court in Georgia." Pursuant to a request for "courtesy supervision" from the United States Probation Office for the Western District of Virginia, Defendant was supervised by a pretrial services officer in the Northern District of Georgia. (Testimony of United States Probation Officer Kim Mason, August 13, 2008.)

[4] The case had been set for trial on November 8, 2007.

[5] Defendant failed to cooperate with substance abuse treatment as directed by the pretrial services officer, failed to report to the probation office for drug screening, and traveled outside of the Northern District of Georgia without approval. See docket nos. 187, 188, 189, and 190 (January 11, 2008).

2

Thereafter, on February 19, 2008, the Warrant Squad of the United States Marshals Service ("U.S. Marshals") for the Northern District of Georgia faxed a Detainer Based on Violation of Probation and/or Supervised Release to the Spalding County Jail. The cover sheet for the fax included the following comment:

> HOLD - SAMPLER, Kenneth Eugene
> Above subject, currently in your custody, is wanted by our office in Roanoke, Va. Place hold & notify us when ready to turn over or if transferred. Please call [telephone number redacted] for pick-up.

The above-referenced Detainer Based on Violation of Probation and/or Supervised Release, which was faxed to officials at the Spalding County Jail, included the following statements:

> Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the Western District of Virginia has issued an arrest warrant charging the subject with violation of the conditions of probation and/or supervised release.
>
> **Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary.** If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible.
>
> The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer, which is based on a Federal probation/supervised release violation warrant. . . .

(Emphasis added.)

On February 25, 2008, the trial date in Defendant's case, Defendant was unable to be present in court due to his incarceration in the Spalding County Jail in Georgia on charges pursuant to Georgia state law. On February 25, 2008, guilty plea hearings were held in this Court regarding the other defendants in this case.

3

On May 30, 2008, the Government filed a Petition for Writ of Habeas Corpus Ad Prosequendum, requesting that Defendant be brought to the Western District of Virginia to stand trial.[6] The Petition for Writ of Habeas Corpus Ad Prosequendum was granted on June 4, 2008. The record in this case, including testimony and other evidence introduced at the August 13, 2008, hearing on the instant motion, indicates that Defendant was taken into the physical custody of U.S. Marshals on June 12, 2008, and he arrived at the Roanoke City Jail in Roanoke, Virginia, on June 26, 2008. Federal authorities brought Defendant before this Court on July 2, 2008; on that date, the Court held a bond revocation hearing and revoked Defendant's bond upon finding that Defendant had violated the terms of his bond.

## Discussion

The crux of Defendant's Motion is that the time he spent in state custody in Georgia – from February 26, 2008, until June 12, 2008 – is not excluded under the Speedy Trial Act calculation, and thus counts against the Act's provision for trial within 70 days of indictment or initial appearance in the court in which the charge is pending, subject to excludable delays. See 18 U.S.C. § 3161(c) & (h). He further contends that the delay violates his rights under the Sixth Amendment.

Defendant's Motion fails. In the first instance, 18 U.S.C. § 3161 states, in pertinent part:

> **(h)** The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> **(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to** [a non-exclusive list of delays.]

---

[6] A writ of habeas corpus ad prosequendum is not necessary if a defendant is in federal custody. If a defendant is in federal custody, a transportation order is entered. Testimony at the hearing on August 13, 2008, indicated that the district attorney in Griffin, Georgia reached a "consensus among the attorneys involved in the state case . . . to hold on the state charges until the federal charges had been resolved" because the district attorney was "still waiting on some lab analysis and so forth for [Defendant's] state case and therefore they have not set any other . . . dates in that case." (Testimony of Federal Bureau of Investigation Special Agent Jeremy Childress, August 13, 2008.)

4

(Emphasis added.)

None of the non-exclusive delays specified in the statute is directly applicable to Defendant's case.[7] However, it is clear that Defendant's detention in the Spalding County Jail in Georgia is covered by the initial exclusion permitted under 18 U.S.C. § 3161(h)(1), which excludes from the computation of the time within which trial must commence any "**period of delay resulting from other proceedings concerning the defendant. . . .**" (Emphasis added.) Additionally, for purposes of the Speedy Trial Act, the United States Court of Appeals for the Fourth Circuit observed in U.S. v. Taylor, 240 F.3d 425, 428 (4th Cir. 2001): "When a defendant is in the custody of the state government, the federal government of course does not control that person. Thus, federal authorities cannot be held responsible for the time the defendant spent in state custody."[8]

Turning to Defendant's assertion of a violation of his Sixth Amendment right to a speedy trial,

---

[7] Defendant contends that the Government exceeded the allotments of time provided for in certain of the statutory exclusions. Contrary to Defendant's contention, 18 U.S.C. § 3161(j)(1) is not applicable here, given that Defendant was not "serving a **term of imprisonment** in [a] penal institution" (emphasis added); rather, the information obtained at the hearing on the instant motion indicates that Defendant was a pretrial detainee while he was in the Spalding County Jail. Nor does it appear from the Court's review of the record that 18 U.S.C. § 3161(h)(1)(H) is applicable here. Defendant presents only a perfunctory mention in passing of that subsection, and does not argue what, if any, days covered by the transportation of Defendant from the Northern District of Georgia might include "time consumed in excess of ten days," which the statute states is "presumed to be [an] unreasonable" delay. Defendant did not elaborate on this contention at the hearing on this matter on August 13, 2008; nonetheless, the Court notes that the period from June 12, 2008, to June 26, 2008, when it appears Defendant was in a transportation status, includes only ten business days. At any rate, that period of transportation from Georgia to Virginia post-dates June 12, 2008, and the Court is considering herein only the exclusion of the time that ran from February 26, 2008, until June 12, 2008; the period of time commencing on or after June 12, 2008, when Defendant apparently entered into a transportation status, is not being considered in the instant motion, given that the record and the arguments before the Court are insufficient for the Court to make any determination on the exclusion of those dates.

The Court adds that Defendant's assertion that he was "overlooked in a Georgia jail for more than five months" is incorrect. Assuming that he was taken into the Spalding County Jail on the earliest date, i.e., February 15, 2008, and he was released to U.S. Marshals on June 12, 2008, then the exact number of days that he was held in a Georgia jail was 118 days, i.e., two days shy of four 30-day months, not "more than five months."

[8] See also n. 10, infra.

5

> a defendant must show first that the Amendment's protections have been triggered by "arrest, indictment, or other official accusation." The defendant must then show that on balance, four separate factors weigh in his favor: "whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."

United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995) (internal citations omitted) (citing Doggett v. United States, 505 U.S. 647, 648 (1992); and Barker v. Wingo, 407 U.S. 514, 530 (1970); accord United States v. Hopkins, 310 F.3d 145, 150 (4th Cir. 2002). Here, the delay is not "uncommonly long," and it is readily apparent that Defendant is more to blame for the delay than the Government.[9]

Significantly, the United States Court of Appeals for the Fourth Circuit observed in Thomas that "the need to allow [the defendant] to be prosecuted by the State without interference by the federal government" constitutes "an obvious additional [permissible] reason for . . . delay." Id. at 150. The Court added: "To do otherwise would be to mire the state and federal systems in innumerable opposing writs, to increase inmate transportation back and forth between the state and federal systems with consequent additional safety risks and administrative costs, and generally to throw parallel federal and state prosecutions into confusion and disarray." Id. at 150-51;[10] accord United States v. Grimmond, 137 F.3d 823, 827 (4th Cir. 1998) (although

---

[9] The Court reiterates that Defendant was sought for a pretrial release violation, and when he was apprehended, he was taken into custody by the state of Georgia because he was in possession of methamphetamine and paraphernalia related to methamphetamine use. See n. 5, supra, the relevant noted text, and the subsequent text through the block-quoted paragraph.
  The Court adds that, in the instant Motion, Defendant does not refer to the four factors set out in Thomas, nor does he argue that any of these four factors weigh in his favor.

[10] The Fourth Circuit in Thomas further stated, id. at 151:

> Although we do not here hold that a pending state prosecution in any sense tolls the running of the Sixth Amendment period of delay, we are of opinion that it is a factor in the government's favor, to be weighed in considering the length of the delay, the prejudice to the accused, and the accused's
(continued...)

6

35-month delay between indictment and arraignment was "uncommonly long," no speedy trial violation where delay was for prosecutions in Virginia and District of Columbia, defendant belatedly asserted right to speedy trial, and there was no showing of prejudice). In the instant case, the delay is due to Defendant's detention on state charges in Georgia, the delay has not been "uncommonly long," the prejudice to Defendant is not apparent, and Defendant is more to blame for the delay than the Government.[11]

## CONCLUSION

For the reasons stated herein, the Court will deny the instant Motion (docket no. 197). An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This 4th day of September, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[10](...continued)
assertion of right. Where, as here, the accused is indicted within a year of the conclusion of the state proceedings and repeatedly ignores or declines the government's offer of a speedy trial during that interim, we are of opinion that the [Barker v. Wingo, 407 U.S. 514, 530 (1970)] analysis favors the government, and the Sixth Amendment claim should fail.

Here, Defendant's detention on state charges in Georgia is a factor that this Court has weighed in its Sixth Amendment considerations. While the fact of his confinement in Georgia is not completely conclusive, the Fourth Circuit observed in U.S. v. Taylor, 240 F.3d 425, 428 (4th Cir. 2001) that, "[w]hen a defendant is in the custody of the state government, the federal government of course does not control that person. Thus, federal authorities cannot be held responsible for the time the defendant spent in state custody." See also n. 8, supra. Although the Fourth Circuit's opinion in Taylor addressed an asserted Speedy Trial Act violation, this Court notes that, regardless of whether a defendant invokes the Speedy Trial Act or the Sixth Amendment, federal authorities do not control persons in state custody.

[11] The Court notes that it appears possible that the instant Motion could be construed as not having timely asserted a speedy trial violation. It appears that Defendant did not assert any speedy trial concerns while he was confined in Georgia, and did not file the instant Motion until July 31, 2008. However, the Government has not raised this factor, and the Court will not deliberate upon it.

7