**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 6:07-cr-00031-1** |
| | ) | |
| **v.** | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| **KENNETH EUGENE SAMPLER** | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |

Kenneth Eugene Sampler, a federal inmate proceeding pro se, filed a motion to vacate,
set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Sampler argues that he received
ineffective assistance of appellate counsel, in violation of the Sixth Amendment to the United
States Constitution. The United States filed a motion to dismiss, Sampler responded, and the
matter is ripe for disposition. Upon review of the record, I will grant the United States' motion
to dismiss.

**I.**

On August 9, 2007, a grand jury sitting in the Western District of Virginia returned an
eleven-count indictment against Sampler and other defendants. Count One charged Sampler
with conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. Police in
Georgia subsequently arrested Sampler, a Georgia resident, in the Northern District of Georgia,
and temporarily detained him there. On September 7, 2007, a United States Magistrate Judge in
the Northern District of Georgia ordered Sampler to undergo pretrial release supervision. While
under pretrial release supervision, Sampler subsequently appeared before this court on October 5,
2007, for his arraignment. Sampler pleaded not guilty to the indicted counts, and his bond was
continued under the same terms as his pretrial release in Georgia pending trial.[1] On November
1, 2007, the court ordered that Sampler's trial be continued until February 25, 2008. The court

---

[1] On December 6, 2007, the court added an additional bond condition requiring Sampler to participate in substance
abuse therapy.

also ordered that the time between November 8, 2007, the date his trial was originally set for, and February 25, 2008, would be excluded from Defendant's Speedy Trial Act calculation, pursuant to 28 U.S.C. § 3161(h). However, the 34 days between Sampler's initial arraignment on October 5, 2007, until November 7, 2007, were not excluded.

A January 11, 2008, report from a United States Probation Officer alleged that Sampler failed to keep scheduled appointments with his substance abuse counselor, traveled outside the Northern District of Georgia without seeking prior approval from the Probation Office, and failed to report for random urine testing on several occasions, all in violation of the terms of his pretrial release. The court issued an arrest warrant to secure his attendance to determine whether he violated terms of his supervised release. Law enforcement officers in Georgia arrested Sampler on February 15, 2008, and found drugs and drug paraphernalia in his possession. The State of Georgia charged him with new violations of Georgia law, and Sampler remained in the physical custody of Georgia officials until June 12, 2008, when Sampler was brought before the court pursuant to the United States' petition for a writ of habeas corpus ad prosequendum.

On July 31, 2008, Sampler filed a Motion to Dismiss for Delay in Prosecution. After a hearing on August 13, 2008, the court dismissed Sampler's motion by a memorandum opinion and order entered on September 4, 2008. See docket nos. 216 & 217. The court determined that "the delay [was] due to Defendant's detention on state charges in Georgia, the delay [had] not been 'uncommonly long,' the prejudice to Defendant [was] not apparent, and the Defendant [was] more to blame for the delay than the Government."

Sampler's jury trial began on September 11, 2008, and the jury found Sampler guilty of Count One of the indictment the next day. On January 20, 2009, the court sentenced Sampler to, inter alia, 151 months' incarceration after deviating from the presentence report's

2

recommendations. Specifically, the court determined Sampler was not on probation during the offense conduct, which reduced his criminal history score from II to I, and he qualified for the safety valve, which reduced his offense level from 36 to 34.

Sampler appealed, arguing via counsel that the evidence was insufficient to sustain the conviction and improperly admitted evidence violated due process. Counsel did not address any Speedy Trial Act violation or the court's September 4, 2008, order denying Sampler's Motion to Dismiss for Delay of Prosecution. The Court of Appeals affirmed Sampler's conviction on March 3, 2010. United States v. Sampler, 368 Fed. App'x 362 (4th Cir. 2010).

Sampler argues in his initial § 2255 motion that counsel provided ineffective assistance by failing to appeal the court's denial of his pre-trial Speedy Trial Act claims. Before the United States filed its response to the motion, Sampler requested leave of sixty days to file an amended motion. The court granted the request, noting that Sampler had "until no later than December 7, 2010 to file any amendment to his § 2255 motion." (Order Nov. 17, 2010.) On May 23, 2011, Sampler filed an amended § 2255 motion, arguing only two claims: the court incorrectly sentenced him because it did not apply the safety-valve reduction this his sentence and his post-conviction rehabilitation entitles him to a reduced sentence.

## II.

### A.

As an initial matter, the court considers Sampler's amended § 2255 motion. Sampler filed the amended motion in May 2011, long past the time the court allowed him to file an amendment. Therefore, Sampler cannot now amend his § 2255 motion as a matter of right, and the court declines to grant Sampler any leave to amend because of his undue delay and the futility of the amendment.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the opposing party's written consent or the court's leave.[2] A court should freely give leave when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." <u>Keller v. Prince George's County</u>, 923 F.2d 30, 33 (4th Cir. 1991).

The court granted Sampler up to December 7, 2010, to file his amendment, but Sampler waited until May 2011 to file it. "When an act . . . must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Sampler has not requested the court to grant his request out of time and fails to describe any excusable neglect why he could not complete the amendment within the prescribed time. Furthermore, "a request for a court order must be made by motion[,]" and Sampler filed only his amendment without a motion requesting leave to amend. <u>See</u> Fed. R. Civ. P. 7(b).

Moreover, Sampler's two arguments in his amended § 2255 motion are frivolous. The court applied the safety-valve exception to the mandatory minimum sentence when it reduced his

---

[2] The United States has neither consented nor objected to Sampler's attempted amendment.

offense level from 36 to 34.  See U.S.S.G. § 5C1.2 ("safety-valve" provision permits a court to

sentence a defendant without regard to the statutory minimum for certain offenses if certain

criteria are met);  United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006).  See also

U.S.S.G. § 2D1.1(b)(11) (A defendant who satisfies these criteria is eligible for a two-level

reduction in offense level).  Sampler is not entitled to be resentenced via § 2255 because of his

post-conviction rehabilitation.  See United States v. Dugan, 57 F. Supp. 2d 1207, 1209-10 (D.

KS June 17, 1999) (finding § 2255 does not authorize collateral relief from judgment based on

defendant's personal improvement after conviction).  Accordingly, the court denies Sampler

leave to amend his § 2255 motion.

**B.**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public

can presume that a defendant stands fairly and finally convicted.  See United States v. Frady, 456

U.S. 152, 164 (1982).  However, prisoners in federal custody may attack the validity of their

sentences, pursuant to 28 U.S.C. § 2255.  Section 2255 cures jurisdictional errors, constitutional

violations, proceedings that resulted in a "complete miscarriage of justice," or events that were

"inconsistent with the rudimentary demands of fair procedure."  United States v. Timmreck, 441

U.S. 780, 784 (1979).  In order to move the court to vacate, set aside, or correct a sentence under

§ 2255, Sampler must prove that one of the following occurred: (1) his sentence was imposed in

violation of the Constitution or laws of the United States; (2) the court was without jurisdiction

to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or

(4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Although

Sampler argues that his conviction was obtained in violation of the Sixth Amendment to the

United States Constitution, the court finds he did not receive ineffective assistance of counsel.

Sampler argues that counsel performed deficiently by filing an appeal that did not argue that his conviction should be vacated because the United States delayed in bringing him to trial, in violation of the Speedy Trial Act. To prove ineffective assistance of counsel, Sampler must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If Sampler has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires Sampler to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

The second prong of Strickland requires Sampler to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, Sampler must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability

sufficient to undermine the confidence of the outcome." Id.

Sampler was not prejudiced by counsel's failure to include this claim because the court already determined that no Speedy Trial Act violation occurred. The time Sampler spent in state custody for his state proceedings is excluded from the Speedy Trial Act's time calculation. See 18 U.S.C. § 3161(h)(1) (excluding any "period of delay resulting from other proceedings concerning the defendant"). See also United States v. Taylor, 240 F.3d 425, 428 (4th Cir. 2001) ("When a defendant is in the custody of the state government, the federal government of course does not control that person. Thus, federal authorities cannot be held responsible for the time the defendant spent in state custody"). Finding the claim to have little merit, counsel did not perform deficiently because it was reasonable to exclude the Speedy Trial Act claim on appeal, regardless of Sampler's requests to counsel to argue this claim. Appellate counsel is given significant latitude to develop a strategy that may even omit a meritorious claim in order to avoid burying issues in a legal jumble. See Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). "Winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks omitted). Therefore, it was not unreasonable to exclude the Speedy Trial Act claim, and counsel's decision to argue other issues falls within the liberal bounds of competent representation. Accordingly, Sampler fails to establish that counsel provided ineffective assistance, and the court dismisses this claim.

## III.

For the foregoing reasons, the court denies Sampler leave to amend and grants the United States' motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying

order to Sampler and counsel of record for the United States.

       **ENTER**: This _____2nd___ day of June, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE
